Felipe Sánchez Osorio, Plaintiff and Appellee, *v.* Sofía de Vizcarrondo Mongrand et al., Defendants and Appellants.

No. 5318.    Argued June 1, 1932.—Decided May 10, 1933.

*A. Marín* for appellants.    *L. Feliú* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a case where a complaint and three cross complaints were filed.  The District Court of San Juan after a trial found in favor of the complainant, found against two of the cross complaints so far as a large amount of money was concerned, but on admissions of the plaintiff allowed a part of the third cross complaint and of the first cross complaint.

After an appeal was taken, two stenographers of the District Court of San Juan were ordered to reproduce their notes. One of them was able to do so but the other was not. All his notes had disappeared and in them the total of the evidence taken on behalf of the plaintiff was contained. Judge Sepúlveda, who presided at the trial of the present case, certified that Arsenio R. Camacho had lost his books of notes and therefore he could not be compelled to reproduce them; that while said Camacho was acting as stenographer all the evidence of the plaintiff was presented and that the rest of the evidence was taken by Oscar A. Gandía, and the judge proceeded to certify as correct the testimony transcribed by Gandía.

On appeal, after reciting the facts of the case, the appellants in their brief raised what they called a preliminary question. They maintained that so far as the lost evidence was important, they should be given a fresh opportunity in a new trial. No attempt was made in the court below to move for a new trial, and outside of the mention in the brief of the appellant, no application for a new trial was made in this Court.

The appellee cites jurisprudence to the effect that a motion for a new trial should always be made in the court below. We are agreed that the court below is in a better position to weigh the importance of the evidence and the motion ordinarily should be presented there.

It seems to be an exceptional case for which the district court retained jurisdiction and the jurisprudence tends to show that where such a motion is grantable it should generally be invoked in the lower court. No attempt was made in this case to invoke the jurisdiction of the lower court.

Nor was any motion directly made in this connection in this Court. Supposing, and we are not disposed to deny it, that this Court has a residuary power to order a new trial for loss of stenographer's notes, nevertheless a formal motion should be made.

We hold that such a motion should be accompanied by an affidavit of merits or the like so that this Court could discretionally consider whether it was in the true interest of justice to grant such a trial.

It should always be remembered that the appellee has a recorded judgment in his favor with the presumptions that follow. Some attempt should be made to overcome these presumptions other than by a petition made in a brief or a mere motion to that effect. The brief does not convince us that a new trial would be likely to change the result so far as the missing evidence is important or necessary. The appellee maintains with considerable reason that the case can not be reversed on the facts because none of his evidence is before us.

We might have some doubt as to whether the findings in regard to the cross complaints might be reviewed, but the appellants do not convince us that we could do this without seeing all the evidence of the plaintiff, especially as the case is totally dependent on the lease and the conditions therein expressed, as we shall see.

The appellants also assigned error alleging the insufficiency of the complaint. It was an action on an account or cross-account and the complaint as copied is indeed not as satisfactory as it might be. Nevertheless, in the complaint the statement was made that there were cross-accounts between the parties and a reference was also made to an accompanying contract of lease. The appellee maintains that from this contract of lease the rights or supposed rights arose on which the original cross-accounts were founded. The judgment roll proper in this case does not include the said lease as part of the complaint. The appellee concedes that it was copied into the exhibits which the defendants have filed in this case but that it ought to have formed part of the judgment roll, and we think the appellee is right. In order to investigate the sufficiency of the complaint under the cir-

cumstances we should have to take it along with the evidence given at the trial and again we would be up against the same difficulty of not having before us the whole evidence.

The appellants also allege error because the court granted interest from the date of the filing of the complaint rather than from the date of the judgment. The contention of the appellants is that the amounts sought to be recovered by the plaintiff were not liquidated. It seems to us that each of the separate amounts were more or less certain and it was a question for the expert who appeared in the case to determine what was and what was not properly chargeable. The case does not show that there was any determination in the nature of damages. The whole matter appeared to be as to what amounts should be distributed among the parties to the contract. Under these circumstances, we are not convinced that the court committed error in awarding interest from the date of the filing of the complaint. Even here the question of whether the accounts were or were not liquidated might depend upon the absent evidence of the plaintiff.

The judgment should be affirmed.